IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVE NIDES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.                                     No. 10-cv-348-DRH

### ORDER

**HERNDON, Chief Judge:**

    Before the Court is petitioner Steve Nides' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), along with his memorandum and declaration in support thereof (Doc. 2). Specifically, Nides contends that his trial counsel was ineffective for failing to file an appeal and for failing to discuss the appellate process with him. The respondent, the United States of America (the government), filed a response to the motion (Doc. 4), denying those allegations, and Nides filed a reply to that response (Doc. 5). Because the Court found that if the allegations in Nides' motion were true, he would be entitled to relief, the Court exercised its discretion and held an evidentiary hearing on the matter. In doing so, however, the Court failed to comply with the mandate of Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the Rules Governing § 2255 Proceedings). That rule provides that "[i]f an evidentiary

hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." RULES GOVERNING § 2255 PROCEEDINGS FOR THE U.S. DIST. COURTS R. 8(C) (2011). Under 18 U.S.C. § 3006A, the Court may appoint counsel for a litigant seeking relief under §§ 2241, 2254, or 2255 when "the person is financially unable to obtain representation." Based upon the fact the Nides was appointed counsel in his original criminal proceeding (see Doc. 79, 07-30136), the Court finds it reasonable to believe that Nides will again qualify to have counsel appointed to represent him. Accordingly, Nides is ordered to file a motion for appointment of counsel. The form can be found on this Court's website at http://www.ilsd.uscourts.gov/Forms.aspx. If the Court finds that Nides is financially unable to obtain counsel pursuant 18 U.S.C. § 3006A the Court will appoint counsel to represent him unless Nides waives representation. Once counsel is appointed, retained, or waived, the Court will then set the matter for hearing after giving the attorneys adequate time to investigate and prepare.

## I. Background

Nides plead guilty to conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Doc. 290, 07-cr-30136) and was sentenced to 188 months imprisonment. Nides was sentenced on June 18, 2009 (Doc. 287, 07-cr-30136), and he alleges that immediately following sentencing, he instructed his attorney, David M. Williams, that he wanted to file an appeal because he was unhappy with his sentence. On May 10, 2010, Nides filed a petition for writ of habeas corpus under § 2255 arguing ineffective assistance of counsel due

to the failure to file a notice of appeal (Docs. 1 & 2).  Nides motion was signed under penalty of perjury as required by Rule 2(b)(5) of the Rules Governing § 2255 Proceedings as was his "declaration" alleging that he instructed Williams to file an appeal and that Williams did not.  Thus, the "declaration" is considered an affidavit. *Lafuente v. U.S.*, 617 F.3d 944, 946 (7th Cir. 2010) (citing *Kafo v. U.S.*, 467 F.3d 1063, 1071 (7th Cir. 2006)).

The government filed a response, arguing that Nides' allegations were factually wrong in that Williams instructed Nides about the appeals process but that Nides never specifically instructed him to file a notice of appeal (Doc. 4).  Attached to the Government's response was an affidavit from Williams stating that Nides never requested that an appeal be filed, as well as a letter to Nides dated June 18, 2009, instructing Nides about the appeals process and noting that while Nides had not instructed him to file a notice of appeal and that he did not think there were any legal issues to base such an appeal on, he would file such notice if Nides specifically requested a notice of appeal be filed.

Because Nides' affidavit raised a factual dispute as to whether Nides told Williams that he wanted appellate review, and this allegation if true, would entitle him to relief, the Court exercised its discretion and held a hearing on Nides' motion. *Bruce v. U.S.*, 256 F.3d 592, 597 (7th Cir. 2001) ("A district court, however, must grant an evidentiary hearing if the petitioner 'alleges facts that, if proven, would entitle him to relief.'") (citing *Stoia v. U.S.*, 22 F.3d 766, 768 (7th Cir. 1994)); see also *LaFuente*, 617 F.3d at 946 (finding that a petitioner's affidavit alone may be

sufficient to warrant further investigation into a petiitoner's § 2255 claim); *Kafo*, 467 F.3d at 1068 (same); *Castellanos v. U.S.*, 26 F.3d 717, 720 (7th Cir. 1994) (remanding the district court's decision for failure to consider whether the defendants actually instructed their lawyers to take appeals).

At the start of the evidentiary hearing, the Court set forth how the hearing would proceed and what Nides' burden would be to prove his case. Nides then asked for representation and the government responded that it was not constitutionally required. The government failed to mention the aforementioned Rule. The Court then noted that Nides had not requested an attorney, and Nides responded that he thought he would get an attorney automatically. The Court informed Nides about the law regarding the appointment of an attorney and informed Nides that he did not think he needed one as he seemed to be doing okay. Nides, as it turned out, was more correct than the government or the Court, except that he did not supply the Court with evidence of financial need at that point in time. Following this colloquy, the evidentiary hearing proceeded. The Court now admits on its own accord that it was error not to appoint Nides counsel.

## II. Discussion

Section 2255 provides in relevant part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. A § 2255 proceeding is an independent civil suit separate from the petitioner's original criminal proceeding for which there is no constitutional right to appointment of counsel. *Oliver v. U.S.*, 961 F.2d 1339, 1342 (7th Cir. 1992); *Rauter v. U.S.*, 871 F.2d 693, 695 (7th Cir. 1989). Nevertheless, as stated above, Rule 8(c) of the Rules Governing § 2255 Proceedings requires that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." RULES GOVERNING § 2255 PROCEEDINGS FOR THE U.S. DIST. COURTS R. 8(C) (2011). Rule 8(c) further provides that "[t]he judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." RULES GOVERNING § 2255 PROCEEDINGS FOR THE U.S. DIST. COURTS R. 8(C) (2011). "The requirements of the rule are very clear." *Rauter*, 871 F.2d at 695. "If an evidentiary hearing is held, the district court *must* appoint counsel for an indigent petitioner." *Id.* (emphasis in original). Thus, because the Court determined that an evidentiary hearing was warranted and because it is likely that Nides is indigent, it appears the Court was required to appoint Nides counsel.

### III. Conclusion

For the reasons stated above, the Court defers ruling on Nides' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), and orders Nides to file a motion for appointment of counsel (for the purposes of learning his present desire and of obtaining the financial needs affidavit associated therewith) or a notice that he waives that right within 30 days of the date of this Order.

**IT IS SO ORDERED**.

Signed this 18th day of April, 2011.

*David R. Herndon*

Digitally signed by David R. Herndon
Date: 2011.04.18 11:47:38 -05'00'

**Chief Judge
United States District Court**